# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN ROSSINI and MATTHEW KANE on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PNC FINANCIAL SERVICES GROUP, INC. and PNC BANK, N.A.,<br><br>Defendants. | Case No. 2:18-cv-1370 |

## FINAL ORDER AND JUDGMENT GRANTING APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

**AND NOW** this **26th day of June, 2020**, for the reasons stated in the Court's accompanying Opinion, and upon careful consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement, Plaintiffs' Motion for Attorneys' Fees and Costs, the parties' settlement agreement, and the parties' presentations at the April 22, 2020, final fairness hearing, it is hereby **ORDERED** as follows:

1.  **Definitions.** Capitalized terms used in this order shall have the meaning given in the parties' Settlement Agreement [ECF 51-1], unless otherwise noted.

2.  **Final Class Certification.** Pursuant to Fed. R. Civ. P. 23(b)(3), the Court finally approves certification of the following settlement classes, except as to those individuals who timely exercised their right to opt-out of the settlement:

    i.  "FCRA Claims Made Settlement Class" means all natural persons residing in the United States (including all territories and other political subdivisions of the United States) who

    applied for employment with Defendants or any of their subsidiaries from September 6, 2016 through and including June 2, 2019 and: (1) as part of this application process, received an FCRA authorization and disclosure only in the Online Employment Application (the "FCRA Disclosure Group"); provided, however, that the FCRA Disclosure Group expressly excludes any Candidate subject to a credit history report following a conditional offer of employment from Defendants or any of their subsidiaries, or (2) as part of this application process had a drug test that was initially marked anything other than "Negative" or "Negative Dilute," but who did not have an offer of employment rescinded ("FCRA Drug Test Group").

ii. "CHRIA Settlement Class" means all natural persons residing in the Commonwealth of Pennsylvania who applied for employment with Defendants or any of their subsidiaries from January 29, 2012 through and including June 2, 2019, and whose offers of employment were rescinded on the basis of their FBI Rap Sheet where the FBI Rap Sheet did not indicate a conviction.

iii. "FCRA Decisional Settlement Class" means all natural persons residing in the United States (including all territories and other political subdivisions of the United States), who applied for employment with Defendants or any of their subsidiaries from September 6, 2016 through and including June 2, 2019, and whose FBI Rap Sheet was noted as "Decisional" by First Advantage, but whose offers of employment were not rescinded by Defendants.

iv. "FCRA Rescinded Settlement Class" means all natural persons residing in the United States (including all territories and other political subdivisions of the United States), who applied for employment with Defendants or any of their subsidiaries from September 6, 2016 through and including June 2, 2019, and (1) whose offer of employment was rescinded based upon the result of the FBI Rap Sheet, or (2) whose offer of employment was rescinded because of the results of a drug test.

3. **Settlement Class Representatives.** Pursuant to Fed. R. Civ. P. 23, the Court finally appoints Plaintiffs Stephen Rossini and Matthew Kane to represent the Settlement Class Members.

4. **Settlement Class Counsel.** Pursuant to Fed. R. Civ. P. 23(g), the Court finally appoints James M. Pietz and Ruairi McDonnell of Feinstein Doyle Payne & Kravec, LLC and Martell Harris of the Trial Law Firm as Settlement Class Counsel.  The Court finds that Settlement Class Counsel will fairly and adequately represent the Settlement Class Members.

5. **Notice to Class Members.** In accordance with the Court's January 9, 2020, preliminary approval order, Mail Notice was timely distributed by first-class mail to all Settlement Class Members.  The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23, all other applicable law, and due process, and constituted the best notice practicable under the circumstances.  The Court finds that appropriate notice of the Final Fairness Hearing, and the rights of all Settlement Class members, was provided to all people, powers, and entities entitled to such notice.

6. **Class Action Fairness Act of 2005.**  Defendants have timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the notice provided and accompanying materials and finds that the Defendants' notification complies fully with the applicable requirements of CAFA.

7. **Objections.**  No timely (or untimely) objections to the Settlement Agreement have been submitted by any class member or third-party.

8. **Final Approval of Settlement Agreement.**  The Court approves the Settlement Agreement and Plaintiffs' Motion for Approval of Class Action

Settlement Agreement is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED** with prejudice, and the parties are directed to take the necessary steps to effectuate the terms of the Settlement Agreement. The terms of the Settlement Agreement and this Final Order and Judgment are binding on Plaintiffs and all other Settlement Class Members, except those who timely and properly filed a request for exclusion.

9. **Incentive Awards to Plaintiffs.** The Settlement Agreement provides for $10,000.00 to each named plaintiff as an incentive award. The Court approves this award.

10. **Attorneys' Fees and Costs.** The Court approves Plaintiffs' counsel's request of a fee and cost award of $300,000.00, representing $17,849.48 in costs and $282,150.52 in attorneys' fees. Plaintiffs' Motion for Attorneys' Fees and Costs is **GRANTED** and the requested award of $300,000.00 is approved.

11. **Exclusive Jurisdiction.** Without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over this action for the purpose of enforcing this Final Order and Judgment or the Settlement Agreement.

12. The Clerk of Court is directed to mark this case as **CLOSED**.

DATE: June 26, 2020             BY THE COURT:

                                /s/ *J. Nicholas Ranjan*
                                United States District Judge